## Superior Court of Washington, County of King

| | |
|---|---|
| CHRIS ROBINSON, a married person, AMANDA KNOX, a married person, and the marital community composed thereof;<br><br>Plaintiffs,<br><br>vs.<br><br>AUSTIN BELLAMY HICKS, a single individual.<br><br>Defendants. | Case No. 23-2-13919-4 SEA<br><br>**COMPLAINT FOR DAMAGES** |

COMES NOW Plaintiffs Chris Robinson and Amanda Knox, married people and the marital community comprised thereof, by and through their undersigned attorneys of record, allege and assert as follows:

### I. PARTIES

1. Plaintiffs Chris Robinson and Amanda Knox are married people residing in King County, Washington.

2. Defendant Austin Bellamy Hicks is an individual residing in King County, Washington.

### II. JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in this Court since the Defendants reside in King County, Washington. Additionally, the injuries giving rise to the causes of action herein

COMPLAINT FOR DAMAGES - 1

ADMON LAW FIRM, PLLC
300 LENORA ST., #4008
SEATTLE, WA 98121
PHONE: (206) 739-8383
FAX: (206) 494-0001

Case 24-13317-TWD    Doc 17-1    Filed 03/28/25    Ent. 03/28/25 15:18:36    Pg. 1 of 10

occurred in King County, Washington. All claims arise under Washington state statute and common law. Venue is proper in this Court, and the Court has jurisdiction over the subject matter herein and over the parties.

### III. FACTUAL ALLEGATIONS

**A. Brief Summary**

4. In starting their family, newlywed Plaintiffs Chris Robinson ("Chris") and Amanda Knox ("Amanda") sought to build a custom floor-to-ceiling bookshelf in their home.

5. In early 2021, Chris and Amanda were introduced to Defendant. Defendant represented himself as a skilled carpenter. Chris and Amanda discussed their bookshelf concept with Defendant. Defendant offered to build their bookshelf for $30,000, which included all labor and materials, with a completion deadline of August 15, 2021. Chris and Amanda accepted the Defendant's offer.

6. Over the course of the next two years, Defendant engaged in a series of promises, excuses, and misrepresentations, continually requesting money from Chris and Amanda. However, Defendant never performed any work on the bookshelf.

7. By the end of 2022, Chris and Amanda paid Defendant $19,962.49 towards building the bookshelves, but Defendant had *nothing* to show for it.

8. Chris and Amanda repeatedly pleaded with Defendant to return the deposited money for his failure to build the shelving. Defendant instead disappeared and absconded with the money.

9. The Defendant's misrepresentations and failure to build the bookshelves forced Chris and Amanda to engage another carpenter to build the bookshelf, which cost them $44,436.56.

COMPLAINT FOR DAMAGES - 2

ADMON LAW FIRM, PLLC
300 LENORA ST., #4008
SEATTLE, WA 98121
PHONE: (206) 739-8383
FAX: (206) 494-0001

10. Defendant damaged Chris and Amanda for at least $64,399.05

**B. Start of Shelf Project with Defendant**

11. In December of 2020, on recommendation from a friend, Chris and Amanda reached out to Defendant with an inquiry about building a custom bookshelf for their home.

12. Defendant advertised his prior carpentry work and ability to install wooden furniture. Defendant submitted a project bid to Chris and Amanda, which included (1) design of the bookshelf, (2) building the bookshelf at Defendant's workshop, and (3) installation in Chris and Amanda's home no later than six months after receiving their initial payment (hereinafter, the "Project").

13. On March 29, 2021, the parties agreed to a price of $30,000 to complete the Project, with a "balance due to start" of $21,367.50.

14. By April 1, 2021, Chris wired $21,367.50 to Defendant.

15. After receiving payment, Defendant represented that he had begun work on the Project.

16. Chris and Amanda sent Defendant multiple emails and text messages requesting updates on the Project. Defendant ignored most of those messages, which went unanswered. When Defendant did respond, he concocted excuses for Project delays.

17. The parties had an agreed firm installation date of August 15, 2021.

18. On August 5, Defendant unilaterally extended the deadline to September 1, 2021.

19. On August 25, 2021, Defendant told Chris and Amanda he had broken his arm.

20. On September 8, 2021, Defendant informed Chris and Amanda that due to his broken arm, he could not work on the project for five to seven months. He then offered two options: (1) wait until the spring of 2022 for him to complete the project, or (2) he would fully

COMPLAINT FOR DAMAGES - 3

ADMON LAW FIRM, PLLC
300 LENORA ST., #4008
SEATTLE, WA 98121
PHONE: (206) 739-8383
FAX: (206) 494-0001

Case 24-13317-TWD    Doc 17-1    Filed 03/28/25    Ent. 03/28/25 15:18:36    Pg. 3 of 10

refund Chris and Amanda the $21,367.50 they had paid. Chris and Amanda agreed to the full refund and provided Defendant with wire instructions.

21. On October 7, 2021, Defendant stated that he would refund Chris and Amanda $15,000 instead of the full $21,367.50 as negotiated and agreed between the parties on September 8, 2021. Defendant claimed that he had purchased plywood and would refund the remaining $6,367.50 amount to Chris and Amanda only after receiving reimbursement from a plywood vendor. On information and belief, no such purchase or reimbursement existed, and Defendant wrongly used this misrepresentation as an excuse to retain the $6,367.50.

22. On October 13, 2021, Defendant wired Chris and Amanda $15,000 rather than the $21,367.50 as agreed.

**C. The New Deal with Defendant**

23. Between October 13 and November 29, 2021, Chris and Amanda plead with Defendant to refund the remaining balance of $6,367.50. On November 2, 2021, Defendant represented that he would "100%" reimburse Chris and Amanda. That reimbursement never occurred.

24. Defendant continued to wrongfully withhold the funds.

25. In an effort not to completely lose the $6,367.50 being withheld by Defendant, Chris and Amanda offered to re-hire Defendant to complete the project for the previously agreed $30,000.

26. On February 23, 2022, the parties agreed to the following terms:
    i. Defendant would complete the project on May 22, 2022;
    ii. Defendant would keep the $6,367.50 that he was withholding from Chris and Amanda;

COMPLAINT FOR DAMAGES - 4

ADMON LAW FIRM, PLLC
300 LENORA ST., #4008
SEATTLE, WA 98121
PHONE: (206) 739-8383
FAX: (206) 494-0001

Case 24-13317-TWD    Doc 17-1    Filed 03/28/25    Ent. 03/28/25 15:18:36    Pg. 4 of 10

   iii. Chris and Amanda would make an immediate payment of $9,411.24 to Defendant;

   iv. Chris and Amanda would make additional payment of $8,367.50 to Defendant on April 1, 2022; and

   v. (5) Chris and Amanda would pay Defendant the remaining $5,853.76 on May 22, 2022.

27. Defendant was amenable to the new terms and suggested that he should rebid the project given the change in material costs since last starting the project. The parties went back and forth on additional terms and costs for months.

28. In keeping with the terms of the new agreement, Chris and Amanda wired $9,411.24 to Defendant on February 25, 2022.

29. Due to delays on part of Defendant, Chris and Amanda wired Defendant an additional $4,183.75 on April 27, 2022.

30. Starting on May 11, 2022, the parties negotiated adding a projector screen to the design, adding $1,000 to the bid price, and extending the deadline to June 5, 2022, to accommodate the addition. The parties agreed on the terms.

31. On June 6, 2022, Defendant proposed a new deadline of June 29, 2022. Chris and Amanda agreed.

32. As of June 6, 2022, Chris and Amanda had paid Defendant $19,962.49.

**D. The Final Demise of the Project**

33. On June 28, 2022, Defendant reported that a delay with "finishers" he had subcontracted would delay the installation date of the shelving to "mid-July."

COMPLAINT FOR DAMAGES - 5

ADMON LAW FIRM, PLLC
300 LENORA ST., #4008
SEATTLE, WA 98121
PHONE: (206) 739-8383
FAX: (206) 494-0001

Case 24-13317-TWD   Doc 17-1   Filed 03/28/25   Ent. 03/28/25 15:18:36   Pg. 5 of 10

34. On August 10, 2022, Defendant reported that he did not meet the mid-July deadline because of delays from the finisher. He claimed that the finishers completely ruined fundamental components of the shelving and that the whole project would need to be started over from scratch. He also stated that he would get his colleague's insurance to cover the cost of the shelving and the labor expenditure of Defendant and his colleagues.

35. Chris and Amanda repeatedly asked for photos of the ruined project, the identity of the finishing company, and for the identity of the insurance company. Defendant refused to provide them with any documentation or information.

36. Sensing a scam and realizing that Defendant would not finish the project as agreed, Chris and Amanda demanded Defendant to refund their money by September 28, 2022.

37. On August 28, 2022, Defendant communicated that he "will at least be able to pay [Chris and Amanda] back the $19,962.49 [Chris and Amanda] invested into the piece." and that it was "absolutely" Defendant's "highest priority." Defendant represented that it would take 4-6 weeks, at most, for the insurance company to reimburse him for the supposedly failed project. The parties agreed that Defendant would make a full refund by October 9, 2022.

38. In an email between the parties on October 10, 2022, Defendant claimed that an insurance company offered to pay him $15,778.74 to cover the expense of all the materials used on the project but none of the labor expenses, and that he declined their offer. Defendant wrote to Chris and Amanda: "I'm ok with taking a total loss on this job but the labor was a significant part of your deposit, and you need to be paid back for that."

39. Defendant refuses to refund Chris and Amanda their $19,962.49.

40. To date, Defendant either refuses to respond to requests for money, or continues to represent that he is waiting for money from the insurance company.

COMPLAINT FOR DAMAGES - 6

ADMON LAW FIRM, PLLC
300 LENORA ST., #4008
SEATTLE, WA 98121
PHONE: (206) 739-8383
FAX: (206) 494-0001

Case 24-13317-TWD    Doc 17-1    Filed 03/28/25    Ent. 03/28/25 15:18:36    Pg. 6 of 10

41. Defendant did zero work in Chris and Amanda's home, and has not provided them with a completed bookshelf, or any materials whatsoever.

**E. Chris and Amanda Take Remedial Measures**

42. On October 26, 2022, Chris and Amanda engaged carpenter Michael Washburn to build their bookshelf. He has since completed the bookshelf and installed it into Chris and Amanda's home.

43. Chris and Amanda paid Washburn a total of $44,436.56.

44. In sum, Chris and Amanda lost a total of $64,399.05 through Hick's malfeasance.

### IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION - BREACH OF CONTRACT

45. Plaintiffs reallege and incorporate all previous allegations.

46. Defendant contracted with Plaintiff to build their bookshelf.

47. Defendant has breached the contract, causing Plaintiffs damage.

48. Plaintiffs are entitled to all legal and equitable remedies, including without limitation damages, costs, expenses, prejudgment and postjudgement interest, in an amount to be determined at trial.

### SECOND CAUSE OF ACTION - PROMISSORY ESTOPPEL

49. Plaintiffs reallege and incorporate by reference all previous allegations.

50. Defendant made promises, *inter alia*, to Plaintiffs that he would work on the bookshelf, complete the bookshelf, and, if needed, return the money given to him.

51. Defendant should reasonably have expected that the promises made to Chris and Amanda would have caused them to change position in, *inter alia*, choosing him to complete the

COMPLAINT FOR DAMAGES - 7

ADMON LAW FIRM, PLLC
300 LENORA ST., #4008
SEATTLE, WA 98121
PHONE: (206) 739-8383
FAX: (206) 494-0001

Case 24-13317-TWD    Doc 17-1    Filed 03/28/25    Ent. 03/28/25 15:18:36    Pg. 7 of 10

1 project, waiting for him to complete the project, and giving money with the expectation that it would be returned if Defendant did not complete the work as agreed.

52. Plaintiffs actually did change their position in the aforementioned manner.

53. When Plaintiffs changed their position, they were relying on the promises of Defendant and were justified in doing so.

54. Defendant did not perform as promised, and Plaintiffs relied on his promises to their detriment.

55. Plaintiffs are entitled to all legal and equitable remedies, including without limitation damages, costs, expenses, prejudgment and postjudgement interest, in an amount to be determined at trial.

**THIRD CAUSE OF ACTION - UNJUST ENRICHMENT / RESTITUTION**

56. Plaintiffs reallege and incorporate by reference all previous allegations.

57. The doctrine of unjust enrichment allows Plaintiffs to make recovery for the value of the benefit retained by Defendants, which resulted from the actions of Plaintiffs.

58. As a result of the Plaintiffs' payments, a benefit has been conferred upon Defendant. Defendant has retained the payments given to him without (a) returning it or (b) providing work on the project as promised. It would be unfair and inequitable for Defendant to retain this payment as benefit without providing anything for its value.

59. Plaintiffs are entitled to all legal and equitable remedies, including without limitation damages, costs, expenses, prejudgment and postjudgement interest, in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION - CONVERSION/TRESPASS TO CHATTEL**

60. Plaintiffs reallege and incorporate by reference all previous allegations.

COMPLAINT FOR DAMAGES - 8

ADMON LAW FIRM, PLLC
300 LENORA ST., #4008
SEATTLE, WA 98121
PHONE: (206) 739-8383
FAX: (206) 494-0001

Case 24-13317-TWD    Doc 17-1    Filed 03/28/25    Ent. 03/28/25 15:18:36    Pg. 8 of 10

61. These actions constitute conversion and entitle Plaintiff to the value of the property converted in an amount to be proven at trial, plus prejudgement and post-judgment interest, costs, expenses, and attorneys' fees.

**FIFTH CAUSE OF ACTION - VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT AT RCW 19.86 et seq.**

62. Plaintiff realleges and incorporates by reference all previous allegations.

63. The conduct described in this Complaint constitutes unfair methods of competition or unfair or deceptive acts or practices in violation of the Consumer Protection Act (CPA). RCW 19.68.020.

64. Defendant's unfair and/or deceptive acts and practices occurred in Defendant's trade or business and were capable of deceiving a substantial portion of the public.

65. Defendant used and employed unfair or deceptive acts or practices. Such conduct includes, *inter alia*, misrepresenting the state of the bookshelf project, constantly delaying the agreed upon project deadlines, refusing to refund money as agreed, refusing to return whatever part of the bookshelf was completed, absconding with Plaintiffs' assets, misrepresenting that the bookshelf was damaged by a finishing company, misrepresenting that the bookshelf project was insured, and refusing to give updates on the project or photos of the project when requested. Defendant scammed Plaintiffs.

66. Defendant also committed a per se violation of the CPA by engaging in conduct to install the bookshelf project into Plaintiffs' home without an L&I license. *See* RCW 18.27. Defendant did not disclose to Plaintiffs' that he was unlicensed.

67. Defendant has violated the Consumer Protection Act of Washington State, RCW 19.86, et seq.

COMPLAINT FOR DAMAGES - 9

ADMON LAW FIRM, PLLC
300 LENORA ST., #4008
SEATTLE, WA 98121
PHONE: (206) 739-8383
FAX: (206) 494-0001

1  68. Plaintiffs have been damaged as a proximate result of Defendant's CPA violations and have suffered actual, ascertainable losses.

3  69. Plaintiffs are entitled to an amount to be set forth and proven at or before trial, plus prejudgement and post-judgment interest, costs, expenses, and attorneys' fees.

## V. PRAYER FOR RELIEF

Wherefore Plaintiffs pray for judgment against the Defendants as follows:

70. For injunctive and declaratory relief;

71. For money damages in an amount to be proven at trial;

72. Treble damages under the CPA;

73. For prejudgment and post-judgment interest on all liquidated amounts;

74. For Plaintiffs' reasonable costs and attorneys' fees incurred herein, pursuant to all applicable statutory, common law, contractual, and equitable theories; and

75. For such other and further relief as the Court deems just and proper.

Dated this July 28, 2023.

ADMON LAW FIRM, PLLC

By: *s/ Moshe Y. Admon*
Moshe Y. Admon, WSBA No. 50235
Moses G. Merakov, WSBA No. 60169
300 Lenora St., #4008
Seattle, WA 98121
Tel: (206) 739-8383
Fax: (206) 494-0001
Email: jeff@admonlaw.com
          merakov@admonlaw.com

*Attorneys for Plaintiffs*

COMPLAINT FOR DAMAGES - 10

ADMON LAW FIRM, PLLC
300 LENORA ST., #4008
SEATTLE, WA 98121
PHONE: (206) 739-8383
FAX: (206) 494-0001

Case 24-13317-TWD    Doc 17-1    Filed 03/28/25    Ent. 03/28/25 15:18:36    Pg. 10 of 10